# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3694 | **DATE** | 7/10/2013 |
| **CASE TITLE** | Malibu Media LLC vs. John Doe | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court denies without prejudice plaintiff's second motion for leave to serve a third party subpoena prior to a Rule 26(f) conference [10].

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

On June 4, 2013, the Court denied plaintiff's first motion for leave to subpoena defendant Doe's Internet Service Provider ("ISP") because plaintiff had not offered support for its assertion that only the ISP can identify Doe:

Plaintiff bases [its] assertion on the Declaration of Tobias Fieser, an employee of IPP, Limited, a "provid[er] [of] forensic investigation services to copyright owners." (*See* Mot. Leave Serve 3d Party Subpoena Prior Rule 26(f) Conference, Ex. 1, Fieser Decl. ¶¶ 4-5.) Fieser states that: (1) only the ISP has "records [that] . . . . associat[e] an IP address to a real person"; (2) an ISP never simultaneously assigns more than one subscriber to a single IP address; and (3) "ISPs only retain IP address assignment information for a limited amount of time." (*See id.* ¶¶ 8-10.) Fieser does not, however, describe his education or experience or otherwise explain how he has knowledge of the practices and record-keeping policies of every ISP. Nor does he or anyone else explain how often, in plaintiff's experience, a subscriber identified by an ISP is not, in fact, the alleged infringer. Absent such information, plaintiff has not shown good cause for early discovery.

(6/4/13 Order.)

Plaintiff's second motion for leave to subpoena Doe's ISP contains similar assertions: (1) "Correlating an IP address to an individual can only be done by the ISP. . . . because the ISP . . . assigns the IP address to a subscriber when the subscriber connects to the internet."; (2) "ISPs do not retain subscriber correlation information for an indefinite period of time . . . ."; and (3) "[A]n IP address must necessarily correlate to a single subscriber because . . . . [i]f two or more subscribers were assigned the same IP address, it would [be] impossible to track unlawful internet activity." (Pl.'s Mem. Supp. 2d Mot. Leave Serve Subpoena at 6.) Plaintiff does not, however, submit an affidavit from Doe's ISP or anyone else with knowledge of or demonstrated expertise in this

**STATEMENT**

area to support these assertions. Rather, it submits the declaration of Keith Lipscomb, a lawyer who "coordinate[s] all of [plaintiff's] litigation nationwide," and says he has "corresponded (directly or through staff) with scores if not a hundred or more different ISPs," has "deposed the corporate representatives of several ISPs including Comcast," and asserts that "most of the major ISPs . . . retain IP address correlating information . . . from one week to eighteen months." (*Id.*, Ex.7, Lipscomb Decl. ¶¶ 26-27, 30-31.) But Lipscomb does not say whether he has had any contact with or knows any of the policies of WOW, the ISP in this case. Equally unhelpful is Lipscomb's asserted "belie[f]" that "the infringer is almost always – meaning ninety-nine plus percent of the time – a resident or (a *de facto* resident) in the subscriber's home," absent some indication, which Lipscomb does not provide, that his belief reflects plaintiff's actual experience litigating these cases. (*Id.* ¶ 22.) Moreover, the exhibit detailing surveillance of the target IP address, which shows downloads including "Oracle E-business Suite 12 Financials Cookbook," piano sheet music for songs by Eminem and Adele, children's movies and television shows and pornography in English, Hindi and German, belies Lipscomb's assertion that such surveillance "paints a picture" of an internet user that helps plaintiff "identify the actual infringer." (*Id.* ¶¶ 20-21; *see* Pl.'s Mem. Supp. 2d Mot. Leave Serve Subpoena, Ex. 7.) In short, because plaintiff has still not shown good cause to take early discovery, its second motion for leave to do so is denied.